Guy T. (Ted) FARRINGTON, individually, and as a Resident of the City of Richfield, Minnesota, Appellant,

v.

**CITY OF RICHFIELD,**
**et al., Respondents.**

**No. C0-92-179.**

Court of Appeals of Minnesota.

Aug. 18, 1992.

James J. Thomson, Jr., Corrine A. Heine, Holmes & Graven, Minneapolis, for respondents.

Carla Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by KLAPHAKE, P.J., and RANDALL and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Guy T. Farrington, a 67–year–old male applicant who was not appointed to a vacant Richfield city council seat, challenges the trial court's grant of summary judgment in his age and sex discrimination case against the city, its former and current council members and mayor. We affirm.

## FACTS

The City of Richfield is governed by a mayor and four-person city council who are elected to four-year terms of office. Three of the council members are elected from each of three wards, while the mayor and fourth council member are elected at large.

During the fall of 1990, two council members resigned after being elected to other positions, creating council vacancies in Wards 1 and 3. Under the terms of the city charter, a council seat which becomes vacant during a council member's term is filled through appointment by the city council.

Several people applied for the vacant seats. Among others, appellant Guy T. Farrington and William Bullock applied for the Ward 1 vacancy, and Kristal Stokes applied for the Ward 3 vacancy. Farrington was then a 67–year–old man, Bullock a 30–year–old man, and Stokes a "young" woman with children.

During her interview, Stokes stated she had lived in Richfield for four years, and had management and budgeting experience, and represented "young families." She sought the appointment because she is "young." At the meeting discussing the Ward 3 vacancy, all four council persons expressed interest in having a woman or a

Thomas E. Ticen, Minneapolis, for appellant.

young woman on the council, and appointed Stokes to fill the vacancy.

For the Ward 1 vacancy, the city council, which by then included Stokes as a member, interviewed eight people. The five males interviewed included Farrington and Bullock. Bullock, a Northwest Airlines manager and eight-year resident of Richfield, stated he had "budgeting and long-term planning" experience and said his inexperience in public office and his age were both assets. Farrington, a retired former director of Hennepin County Public Affairs and former local newspaper owner, recited his extensive public service record, and stated he had lived in Richfield for 38 years.

In discussing the candidates' qualifications, the council noted that Farrington was well qualified, but Stokes expressed a general preference for a younger person. In an earlier meeting, the council had also expressed a preference for a non-partisan candidate. After the council rejected two motions to appoint other candidates, a council member moved to appoint Farrington. The council rejected the motion by a 2–2 vote. The council later voted to appoint Bullock to the Ward 1 seat.

Farrington then sued the City of Richfield and current and former council members and mayors (collectively, "respondents") for age and sex discrimination in employment in violation of the Fourteenth Amendment, 42 U.S.C. § 1983 (1988), and the Minnesota Human Rights Act, Minn. Stat. ch. 363 (1990). Respondents moved for summary judgment, and Farrington moved to amend the complaint to add punitive damages. In its order granting summary judgment to respondents and denying Farrington's motion, the trial court held that Farrington was not an "employee" under either state or federal law and could therefore not bring suit. The court also determined that numerous types of immu-

nities applied concerning the council appointments, that the issues of the case covered nonjusticiable political questions, and that Farrington lacked standing to object to Stokes' appointment because he was not a resident of Ward 3. Farrington appeals. We affirm.

## ISSUE
Did the trial court err in granting summary judgment to respondents?

## ANALYSIS
In reviewing a grant of summary judgment, this court must determine (1) whether genuine issues of material fact exist for trial and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). Here, as the material facts are not disputed, this court's review is limited to the trial court's application of the law.

Farrington contends the city council's failure to appoint him to the council constitutes a prima facie case of age and sex discrimination under the Minnesota Human Rights Act (Act), Minn.Stat. ch. 363 (1990). The trial court agreed with respondents, who argued that the Act does not apply to appointment of a city council member because a council member is not an "employee." We agree.

The Act defines "employee" as a person "who is employed by an employer and who resides or works in this state." Minn.Stat. § 363.01, subd. 16. While the definition is somewhat vague, we believe that an interim city council appointee is not an "employee" within the meaning of the Act.[1] As the trial court stated:

---

1. Respondents and the trial court relied on statutes which specifically exclude those elected or appointed to public office from being considered as employees. *See* 42 U.S.C. § 2000e(f) (1988) (Title VII specifically excludes those elected or appointed to state public office from being considered as employees); 29 U.S.C. § 630(f) (1988) (Age Discrimination in Employment Act specifically excludes those elected or appointed to state public office from being considered as employees); Minn.Stat. § 268.04, subd. 12(10)(f)(i) (1990) (services performed for a political subdivision as elected official is not "employment" for unemployment compensation

Election to a City Council is a political position, separate and distinct from any employer/employee relationship. The Council's task is to represent their constituent's interests. In no way are they employed by any entity or person within the governmental structure of the City of Richfield.

Thus, a city council appointee is not an "employee" for the purpose of applying the Act.

Farrington argues that he was not required to show that he was an employee before establishing a prima facie case of age and sex discrimination under the Act. However, as the Act applies only to "employees," Minn.Stat. § 363.03, subd. 1, Farrington could not invoke the Act without showing that a city council member is an employee.

Under federal law, respondents are also immune from liability if they acted in a legislative capacity in making the council appointments. *See Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607, 613–14 (8th Cir.1980) (city directors immune where zoning ordinance a legislative act). Appointments to legislative positions are leg-

islative acts. *See Runs After v. United States,* 766 F.2d 347, 355 (8th Cir.1985) (resolutions precluding tribal council members from running for office are legislative acts). Farrington's claim involved only the city council's refusal to appoint him to the council. In making the appointment, the city council acted on behalf of the electorate. This court will not intervene in a city council decision made in its legislative capacity.[2]

## DECISION

The trial court's grant of summary judgment to respondents is affirmed. A city council interim appointee is not considered an "employee" within the meaning of the Minnesota Human Rights Act, and respondents are immune from suit for legislative acts of the council.

Affirmed.

purposes); Minn.Stat. § 179A.03, subd. 14(a) (1990) (elected officials not considered "employees" under Public Employees Labor Relations Act); Minn.Stat. § 176.011, subd. 9(6) (1990) (city officials not entitled to workers' compensation benefits unless city council makes contrary resolution). However, the cited statutes do not compel a similar construction in this case because we must construe this statute according to its own purpose and construe its words according to their common and approved usage. *See Continental Can Co. v. State,* 297 N.W.2d 241, 248 (Minn.1980); Minn.Stat. § 645.08(1) (1990).

**2.** While there is some merit to respondents' claim that the city council's decision on whom to appoint to the city council is a political question which this court has no jurisdiction to decide, *see In re McConaughy,* 106 Minn. 392, 415, 119 N.W. 408, 417 (1909), we do not decide this issue because we believe respondents are immune from suit for their legislative acts.